REQUESTED BY: Allen L. Curtis, Executive Director, Nebraska Commission on Law Enforcement and Criminal Justice
QUESTIONS: 1. Do the Nebraska Jail Standards apply to the construction and operation of a private facility housing county or city prisoners?
 2. Does the Jail Standards Board have statutory authority to regulate the construction and operation of such a facility?
CONCLUSIONS: 1 2. Yes, although please note that we have not been asked, and express no opinion on, the legality of establishing privately owned and operated jails.
Having been advised by a county official that consideration is being given to using a private company to build and operate a new county jail facility, the Nebraska Jail Standards Board has inquired about its authority to regulate such a facility, including whether the Nebraska Jail Standards apply.
We begin by noting that the Board has not asked our opinion regarding the authority to establish a privately owned and operated jail. It may be a questionable prospect because of the traditional role of the county and city governments in such matters, the absence of clear statutory authority for such projects,[1] and the fact that the Private Prison Contracting Act, Neb. Rev. Stat. §§ 47-801 to 47-807 (2001 Supp.), reserves the use of private correctional facilities to the Department of Correctional Services, specifically withholding such authority from counties and other political subdivisions. See Neb. Rev. Stat. § 47-806. Also, Neb. Rev. Stat. § 47-105 (1998), indicates that the Sheriff shall have charge of the county jail. However, our answers would be the same regardless of whether it is lawful for the county to do what it is contemplating.
Neb. Rev. Stat. § 83-4,124 (1999), indicates that it is the policy of the state that all criminal detention facilities in the state conform to certain minimum standards of construction, maintenance, and operation. Standards of construction include, but are not limited to, standards for planning and design, as well as actual construction. Neb. Rev. Stat. § 83-4,128 (1999). The Jail Standards Board was created to establish these standards. See also Neb. Rev. Stat. § 83-4,127
(1999). For the purpose of these statutes, criminal detention facility means any institution operated by a political subdivision or a combination of political subdivisions for the keeping and rehabilitating of adult or juvenile criminal offenders[2] or persons detained while awaiting disposition of charges. Neb. Rev. Stat. § 83-4,125 (Supp. 2000). This would, of course, encompass a county jail. Similarly, Neb. Rev. Stat. § 47-101 (1998), indicates that the Jail Standards Board is to prescribe rules for the regulation and government of the jails with regard to beds, heat, lighting, ventilation, and the like.
Given the use to which the proposed facility would be put, it would be considered a county jail subject to such regulations, regardless of who holds title to the structure or who has the responsibility for its day-to-day operation. Responsibility for the jail's operation, in the larger sense, would remain with the political jurisdiction. According to Neb. Rev. Stat. § 47-105 (1998), the Sheriff or such other person who is charged with the administration of the jail[3] is to conform to the rules and directions of the Jail Standards Board. See also Neb. Rev. Stat. § 23-2802 (1997) (County Board of Corrections shall comply with any rule prescribed by the Jail Standards Board pursuant to Neb. Rev. Stat. §§ 47-101 to 47-104) and Neb. Rev. Stat. § 47-105.01 (1998) (Sheriff or other person in charge of jail is to conform to rules and directions as prescribed by Jail Standards Board). In sum, anyone in charge of the jail is required to comply with the regulations of the Jail Standards Board.
Sincerely,
 DON STENBERG Attorney General
 Mark D. Starr Assistant Attorney General
Approved:
_________________________________ Attorney General
[1] Local or county governments may make use of community correctional facilities established and operated by nongovernmental agencies, Neb. Rev. Stat. § 47-105 (1998), but these are not the sort of detention facility at issue here.
[2] The Department of Correctional Services was excluded.
[3] The legislature probably did not envision privately operated jails when it used the words, "other person as may be charged with the administration of the jail." According to the Legislative record on LB 394, 88th Neb. Leg., 2nd Sess. 6515-6516 (January 10, 1984). this language was inserted in several statutes because of a new provision which permitted the county boards to transfer the responsibility over the jail from the Sheriff to a County Board of Corrections, allowing the Sheriff to concentrate on law enforcement duties. Such a transfer could result in the creation of the position of Director of Corrections, who, in conjunction with the Board of Corrections and Division of Corrections, would be charged with the administration of the jail. Neb. Rev. Stat. § 23-2809 (1997).